[Cite as *State v. Atchley*, 2026-Ohio-1373.]

IN THE FIFTH DISTRICT COURT OF APPEALS
MUSKINGUM COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0101 |
| Plaintiff - Appellee | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas of Muskingum County, Case No. CR2025-0281 |
| SHAWN M. ATCHLEY, | |
| Defendant - Appellant | Judgment:  Affirmed |
| | Date of Judgment:  April 15, 2026 |

BEFORE: Robert G. Montgomery, Kevin W. Popham, and David M. Gormley, Judges

APPEARANCES: Joseph A. Palmer (Assistant Muskingum County Prosecuting Attorney), Zanesville, Ohio, for Plaintiff-Appellee; Christopher D. Brigdon, Thornville, Ohio, for Defendant-Appellant.

*Gormley, J.*

**{¶1}**  Defendant Shawn Atchley challenges his conviction on one drug-related charge, arguing that the jury's guilty verdict was against the manifest weight of the evidence.  For the reasons explained below, we affirm the judgment of the trial court.

**The Key Facts**

**{¶2}**  Three plainclothes law-enforcement officers were conducting investigatory work at a tavern in Muskingum County when they noticed that Atchley — who they knew was barred by law from possessing a firearm — was carrying a handgun inside the establishment.  After donning their police attire, the officers arrested Atchley.  A search of his person incident to that arrest revealed not only the handgun but also $1,200 in cash and a bag concealed in his sock that contained 11 tied-off baggies holding a white powdery substance later identified as approximately 1.5 grams of fentanyl.

{¶3} Atchley was indicted on two weapon-under-disability charges, a drug-possession charge, and one count of trafficking in a fentanyl-related compound. Appended to some of the charges, too, were forfeiture and firearm specifications.

{¶4} At trial, Atchley testified and admitted to possessing both the drugs and the firearm. He denied engaging in drug trafficking, though, telling the jury that he had no intent to sell the fentanyl and instead planned to use it himself and hoped to share some of it with a female acquaintance. And Atchley presented a receipt from his employer to account for the cash found with him by the officers on the day of his arrest.

{¶5} The jury found Atchley guilty on all counts and specifications but determined that the $1,200 was not subject to forfeiture. The trial judge merged the two weapons charges and also merged the drug-possession and drug-trafficking charges, so Atchley was sentenced on just one weapon-under-disability charge and on the trafficking charge. Atchley now appeals, focusing solely on his conviction on the drug charge.

## Atchley's Conviction Was Not Against the Manifest Weight of the Evidence

{¶6} In determining whether a felony conviction was against the manifest weight of the evidence, an appellate court acts as a thirteenth juror, and "after 'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be [reversed] and a new trial ordered.'" *State v. Hane*, 2025-Ohio-120, ¶ 20 (5th Dist.), quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). The reversal of a conviction on manifest-weight grounds should occur only in "the 'exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*

**{¶7}** "Weight of the evidence concerns the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them." *Thompkins* at 387 (emphasis in original) (quotations and citation omitted). "[A]n appellate court will leave the issues of weight and credibility of the evidence to the factfinder, as long as a rational basis exists in the record for its decision." *State v. Sheppard*, 2025-Ohio-161, ¶ 66 (5th Dist.).

**{¶8}** Atchley was convicted of trafficking under R.C. 2925.03(A)(2), which criminalizes the act of having knowingly prepared for shipment, shipped, transported, delivered, prepared for distribution, or distributed a controlled substance when the defendant knew or had reasonable cause to believe that the substance was intended for sale. A "sale" is broadly defined to include not only traditional commercial transactions but also any "delivery, barter, exchange, transfer, or gift, or offer thereof." R.C. 2925.01(A); R.C. 3719.01(U).

**{¶9}** Here, Atchley was found with about 1.5 grams of fentanyl divided into 11 tied-off baggies. One of the arresting officers testified that Atchley's carrying of the drug in that way indicated to the officer — based on his training and experience — that Atchley was involved in drug trafficking. The jury could reasonably have found that testimony persuasive, and certainly a defendant's possession of drugs packaged as Atchley's were has supported drug-trafficking convictions in other cases. *See, e.g., State v. Floyd*, 2008-Ohio-5262, ¶ 16-17 (8th Dist.) (affirming drug-trafficking conviction where marijuana

was evenly divided into 24 tied-off plastic bags and officers testified that such packaging was indicative of sale rather than personal use).

{¶10} Significant, too, is the fact that Atchley himself testified at the trial that he had intended to share some of the drugs with a female acquaintance. Because a gift constitutes a sale under the statute, Atchley's own testimony provided the jury with direct evidence of an intent to sell the drugs.

{¶11} Atchley raises several arguments to the contrary, none of which are persuasive. First, he places great weight on the jury's finding that the $1,200 in cash was not subject to forfeiture, arguing that this undercuts the trafficking conviction because the jury apparently rejected the State's theory that the money was drug proceeds. Yet even if the jury reached its finding on the forfeiture question based on Atchley's claim that the cash had been legitimately earned by him, the jury could also have believed that Atchley intended to give the fentanyl away (whether for free or not). The forfeiture finding and the trafficking verdict are not mutually exclusive, and the jury, in order to reach a guilty verdict, was not required to find that Atchley had profited (or intended to profit) from any sale of the drugs.

{¶12} Second, Atchley contends that he divided the fentanyl into baggies merely for personal use as a sort of portion-control mechanism. The jury was free to reject that account, and it evidently did.

{¶13} Nor does the absence of other trafficking paraphernalia such as scales or ledgers compel a different result. The lack of such items is one factor a jury can consider, but it is hardly dispositive when weighed against the packaging, the agent's testimony, and Atchley's own admissions about his plans for the evening. *See State v. Haydon*, 2016-Ohio-4683, ¶ 17 (9th Dist.) ("While cash, weapons, multiple phones, scales, and customer

records may be associated with drug trafficking, none of them are required to prove a trafficking offense").

{¶14} Our review of the record indicates that this is not the exceptional case in which the jury lost its way. A rational basis exists in the record for the jury's findings, and we decline to disturb the drug-trafficking conviction.

{¶15} For the reasons explained above, the judgment of the Court of Common Pleas of Muskingum County is affirmed. Costs are to be paid by Appellant Shawn Atchley.

By: Gormley, J.;

Montgomery, P.J. and

Popham, J. concur.